

**Timothy F. Maloney**
*Attorney at Law*

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Direct Dial: (240) 553-1206
Direct Fax: (240) 553-1737
Email: tmaloney@jgllaw.com
www.jgllaw.com

March 25, 2019

*Via Electronic Filing*
Honorable Paul W. Grimm
United States District Court for the District of Maryland
6500 Cherrywood Lane Suite 465A
Greenbelt, MD 20770

    Re:    *Boger v. Matrix Warranty Solutions, Inc. et al*, Case No. 8:19-cv-00170-PWG

Dear Judge Grimm:

    In accordance with this Court's Letter Order Regarding the Filing of Motions, Defendant Matrix Warranty Solutions, Inc. d/b/a Element Protection ("**Matrix**") respectfully requests that it be allowed to file a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

    Plaintiff Dan Boger ("**Plaintiff**") filed this action against Matrix and Defendant Hard Tack, Inc. ("**Hard Tack**") asserting claims under the Telephone Consumer Protection Act ("**TCPA**"). However, Plaintiff cannot meet his burden of establishing that Matrix has sufficient contacts to support personal jurisdiction in this case. To establish personal jurisdiction, a Plaintiff must show that jurisdiction is "authorized by the long-arm statute of the state in which the district court sits" and that the exercise of jurisdiction is "consistent with the Due Process clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). The Maryland long-arm statute extends to the outer limits of the Constitutional Due Process Clause. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002).

    Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Plaintiff cannot show that either form of jurisdiction is proper here over Matrix.

    General personal jurisdiction exists only where a non-resident defendant maintains contact that is "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)). Matrix, a Nevada corporation with its principal place of business in Texas, does not have continuous and systematic contacts with the State of Maryland. Plaintiff, therefore, cannot meet his burden of proving the exercise of general personal jurisdiction would be proper.

      For specific personal jurisdiction to be proper, the lawsuit must arise out of or be related to a defendant's minimum contacts with the forum state. *ALS Scan,* 293 F.3d at 712. In determining whether a defendant has the necessary minimum contacts, courts apply a three-part test: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Universal Leather,* 773 F.3d at 559. None of these factors supports the exercise of personal jurisdiction over Matrix.

      Plaintiff's complaint fails to show that either Matrix or Hard Tack had any contact with the state of Maryland. Instead, the complaint conclusively demonstrates that the actions at the heart of the TCPA claim—the actual phone calls—did not arise from conduct directed at Maryland. Plaintiff's allegation that Matrix "regularly solicits and conducts business in Maryland" is unsubstantiated by any facts on the face of the pleading. The phone number on which Plaintiff claims to have received calls, (703) 328-XXX, is a Northern Virginia, not a Maryland phone number, and the alleged telemarketing calls from (276) 2017-9868 and (703) 263-8675 are registered Virginia phone numbers. *See Cunningham v. Capital Advance Sols., LLC,* CV 17-13050 (FLW), 2018 WL 6061405, n. 9 (D.N.J. Nov. 20, 2018) ("Plaintiff, whose cellular phone was contacted in Tennessee, cannot demonstrate that his TCPA claim arose from [Defendant's] alleged marketing 'to businesses *in New Jersey.*'").

      As such, Matrix respectfully requests that this Court allow Matrix to file a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction.

      Very truly yours,

      JOSEPH, GREENWALD & LAAKE, P.A

      Timothy F. Maloney

TFM:klr

cc: All counsel of Record